-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

LINDSAY HARRISON, 13028-055,

                    Petitioner,

                                                **DECISION and ORDER**
          -v-                                   06-CV-0261S
                                                03-CR-0114-001S
UNITED STATES OF AMERICA,

                    Respondent.

─────────────────────────────────

          Petitioner, Lindsay Harrison, acting *pro se*, seeks relief pursuant to 28 U.S.C. §

2255, alleging that his conviction in this Court was unconstitutionally or unlawfully obtained,

as set forth more precisely in the petition.  Petitioner claims that he was promised that the

Court and United States Attorney's Office would not use his youthful offender conviction

when calculating his sentence and that his counsel was ineffective because said counsel

failed to address this issue at sentencing and did not seek to correct the sentence when

he was notified by petitioner of the fact that the promise was not enforced.  Petitioner also

claims that the pre-sentence report was changed four times prior to sentencing and that

he did not see the "final" report until April 12, 2006 because the Bureau of Prisons prohibits

inmates from possessing their pre-sentence reports.  He, therefore, claims that he did not

know that the promise was not enforced until he saw the final pre-sentence report on April

12, 2006 and that his time to commence this collateral attack on his conviction did not

begin until such date.  (Docket No. 41, Petition, ¶ 13(D)).

According to 28 U.S.C. § 2255, a one-year period of limitations applies to a motion attacking sentence by a person in federal custody.  The limitation period shall run from the latest of --

> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the [United States] Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Initially, it appears to the Court that this motion should be barred under 28 U.S.C. § 2255 and Rule 9 of the Rules Governing Section 2255 Cases in the United States District Courts.  Petitioner's judgment of conviction was entered on September 24, 2004 and he did not appeal from said judgment.  For purposes of § 2255(1), petitioner's conviction became final on October 7, 2004 or, in other words, ten business days after the time expired for him to file a notice of appeal from his judgment of conviction.  *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (Unappealed criminal judgment becomes final for purposes of calculating the limit for filing collateral attack when time for filing a direct appeal expired–10 business days after entry of judgment) (citing Fed.R.App.P., 4(b) and

26(a)(2)).  Under § 2255(1), petitioner had one year from October 7, 2004 to file a motion to vacate his sentence under 28 U.S.C. § 2255.

As noted, however, petitioner has raised an issue that he did not obtain a copy or see the final pre-sentence report until April 12, 2006 and that he, therefore, did not know that the promise not to consider his prior youthful offender conviction was breached until that date. He thus claims that his time to commence this collateral attack on his conviction did not begin to run until that date.  (Docket No. 41, Petition, ¶ 13(D)).  *See* 28 U.S.C. § 2255(4).  Based solely on what is set forth in the petition, the Court cannot make a determination regarding whether or not the instant matter was timely brought and accordingly,

IT HEREBY IS ORDERED as follows:

1.     Pursuant to Rules 4 and 5 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the United States Attorney is ordered to file and serve an **answer** to the petition no later than **June 7, 2006**.  The answer shall respond to the allegations of the petition, and shall state whether petitioner has used any other available federal remedies including any prior post-conviction motions under these rules or those existing previous to the adoption of the present rules.  Further, the answer shall state whether an evidentiary hearing was afforded petitioner in a federal court, whether petitioner appealed the conviction, and what ruling, if any, the United States Court of Appeals has made on the appeal.

Respondent is also ordered to file and serve by the above date a **memorandum of law** addressing each of the issues raised in the petition and including citations of relevant supporting authority.

**2.** Petitioner shall have twenty (20) days upon receipt of the answer to file a written response to the answer and memorandum of law.

**3.** Within twenty (20) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

**4.** The Clerk of Court is directed to serve a copy of the application, together with a copy of this order, upon the United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202.

**5.** All docketing for this action shall be made in the related criminal action 03-CR-0114-001S.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE UNITED STATES ATTORNEY**.

SO ORDERED.

Dated:     April 28, 2006
           Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge

4