-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDSAY HARRISON, 13028-055,

        Petitioner,

       -v-

UNITED STATES OF AMERICA,

        Respondent.

**DECISION and ORDER**
06-CV-261S
03-CR-0114-001S

---

## INTRODUCTION

Petitioner, Lindsay Harrison, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2255, alleging that his conviction in this Court was unconstitutionally or unlawfully obtained, as set forth more precisely in the petition.[1] Petitioner has also filed a motion to proceed *in forma pauperis* (Docket No. 46) and a motion requesting: (1) that counsel be appointed to represent him and (2) that he be provided with a copy of the plea and sentencing transcripts. (Docket No. 45). Petitioner's application to proceed *in forma pauperis* is granted, and for the reasons set forth below, his requests for the appointment of counsel and a copy of the plea and sentencing transcripts are denied.

---

[1] Following the filing of Petitioner's § 2255 motion, the Court issued an Order on April 28, 2006, which, pursuant to Rules 4 and 5 of the Rules Governing Section 2255 Proceedings in the United States District Courts, directed the United States Attorney to file and serve an answer to the petition and supporting memorandum of law no later than June 7, 2006. (Docket No. 42). The Court further directed in its Order of April 28, 2006, that Petitioner would have twenty (20) days upon receipt of the answer to file a written response and memorandum of law. (Docket No. 42). The government's answer was filed by the United States Attorney on June 2, 2006. (Docket No. 44).

**DISCUSSION**

The Court will consider separately Petitioner's request for the appointment of counsel, and for transcripts of his plea and sentence.

A. Request for Appointment of Counsel

" A prisoner has no constitutional right to the assistance of counsel in connection with petitions for post-conviction relief such as habeas corpus or § 2255 relief." *U.S. v. Doe*, 2005 U.S. Dist. LEXIS 1019, at * 2-3 (S.D.N.Y. 2005) (citing *Wright v. West*, 505 U.S. 277, 293 (1992); *Pennsylvania v. Finley*, 481 U.S. 551-59 (1987); *Heath v. U.S. Parole Comm'n*, 788 F.2d 85, 88 (2d Cir. 1986)).  Twenty-eight U.S.C. § 2255 provides that the "[a]ppointment of counsel under this section shall be governed by section 3006A of title 18." Section 3006A of title 18 states, in turn, that the court has discretion to appoint counsel to represent a petitioner seeking relief under § 2255 upon determining that the petitioner is "financially eligible" and that "the interests of justice . . . require" the appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B).

In determining whether "the interests of justice" require the appointment of counsel pursuant to § 3006A(a)(2), the courts in this circuit consider several factors: "the petitioner's likelihood of success on the merits; the complexity of the legal issues raised by the petition; and the petitioner's ability to investigate and present the case." *Toron v. U.S.*, 281 F. Supp. 2d 591, 593 (E.D.N.Y. 2003) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1985)).  In articulating the factors that courts should consider in determining whether to appoint an attorney to represent an indigent civil litigant in an analogous

context, the Second Circuit in *Hodge* stated that "[i]n deciding whether to appoint counsel . . . the district court should first determine whether the indigent's position seems likely to be of substance." *Hodge*, 802 F.2d 58, 61. Only if the claim meets this "threshold requirement" will the court be required to consider the factors enumerated above. *Bishop v. U.S.*, 2004 U.S. Dist. LEXIS 22543, at *10 (S.D.N.Y. 2004).

After reviewing the petition (Docket No. 43) and the government's response thereto (Docket No. 44), this Court finds that Petitioner's claims do not meet the threshold requirement that they are likely to be of substance. Petitioner's request for appointment of counsel therefore is denied.

B. Request for Transcripts

Petitioner requests that he be provided with transcripts of his plea allocution and sentencing proceeding, to be furnished and paid for by the government. (Docket No. 45). The provision of transcripts to petitioners in proceedings commenced under 28 U.S.C. § 2255 is governed by 28 U.S.C. § 753(f), which provides in relevant part:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f).

The Second Circuit has emphasized that "one of the statutory prerequisites [under § 753(f)] is the court's certification that the transcript is needed for the court to 'decide' a § 2255 motion – not for the petitioner to prepare it." *U.S. v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998).

Petitioner's motion for transcripts is timely, having been filed subsequent to the filing of his § 2255 motion. *See Horvath*, 157 F.3d at 133 (holding that a motion seeking transcripts pursuant to 28 U.S.C. § 753(f) in connection with a contemplated motion pursuant to 28 U.S.C. § 2255 was not ripe until the § 2255 motion was filed). However, Petitioner's motion must be denied because it is entirely conclusory and fails to articulate any basis whatsoever for his alleged need for the transcripts of his plea and sentencing. *See, e.g., U.S. v. Hughes*, 2005 U.S. Dist. LEXIS 24226 (D. Kan. 2005) (Petitioner's request for transcripts was denied where he failed to state basis for such material in presenting his arguments in support of motion under 28 U.S.C. § 2255). Moreover, the allegations in Petitioner's § 2255 motion do not demonstrate that the claims he is seeking to raise are non-frivolous, nor can this Court determine that the transcript is needed for it to decide the motion. Accordingly, Petitioner's request that he be provided with transcripts at government expense will be denied without prejudice. *See U.S. v. Wright*, 2005 U.S. Dist. LEXIS 9610 (W.D. Wis. 2005).

**ORDERS**

IT HEREBY IS ORDERED, that Petitioner's motion to proceed *in forma pauperis* (Docket No. 46) is GRANTED;

FURTHER, that Petitioner's motion for the appointment of counsel and for the preparation of transcripts at government expense (Docket No. 45) is DENIED without prejudice.

SO ORDERED.

Dated:  June 28, 2006
        Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge