UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDSAY I. HARRISON,

                     Petitioner,

     v.                                                 **DECISION AND ORDER**
                                                           03-CR-114S
                                                           06-CV-261S

UNITED STATES OF AMERICA,

                     Respondent.

## I. INTRODUCTION

Presently before this Court is pro se Petitioner Lindsay I. Harrison's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's motion is denied.

## II. BACKGROUND

On January 22, 2004, Petitioner appeared before this Court and pled guilty to Count 1 of the Indictment, which charged him with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). The charge carried a maximum sentence of 10 years imprisonment, a $250,000 fine, or both. (Docket No. 22, ¶ 1.[1])

Under the terms of the plea agreement, Petitioner and the Government agreed that the total offense level, including a reduction for Petitioner's acceptance of responsibility, was either 13 or 17, depending on whether this Court applied U.S.S.G. § 2K2.1(b)(5), which provides for a 4-level enhancement if the firearm is possessed in connection with another felony offense. (Docket No. 22, ¶¶ 8-10.) Each party reserved its right to argue

---

[1]Docket citations are to the criminal case — 03-CR-114S.

its position on the application of this enhancement.  (Docket No. 22, ¶ 8.)  Petitioner and the Government further agreed that Petitioner's criminal history category was V.  (Docket No. 22, ¶ 12.)  Accordingly, the parties agreed that if Petitioner was sentenced at a total offense level of 13, criminal history category V, his Guideline range would be 30-37 months, and if he was sentenced at total offense level 17, criminal history V, his Guideline range would be 46-57 months.  (Docket No. 22, ¶ 13.)

> Included in the plea agreement is Petitioner's acknowledgment that he
>
>> understands that he has no right to withdraw the plea of guilty based upon the Court's determination of the defendant's criminal history category;
>>
>> understands that the Probation Office will make an independent determination of the defendant's total offense level and criminal history category and that the Court will ultimately determine the appropriate total offense level and criminal history category.  The defendant will not be entitled to withdraw the plea of guilty because of the Court's failure to adopt any Sentencing Guidelines calculations set forth in this agreement or because of an upward departure made by the Court
>>
>> [understands] [t]his plea agreement represents the total agreement between the defendant, LINDSAY I. HARRISON, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

(Docket No. 22, ¶¶ 12, 14, 26.)

On September 13, 2004, after applying the 4-level U.S.S.G. § 2K2.1(b)(5) enhancement, determining that Petitioner's youthful offender conviction counted toward his sentencing calculations, and granting a 4-level downward departure motion under <u>United States v. Lauerson</u>, this Court sentenced Petitioner at a total offense level of 19 and

a criminal history category VI, which resulted in a range of 63-78 months. 362 F.3d 160 (2d Cir. 2004). This Court then imposed, *inter alia*, a 63-month term of imprisonment and a 3-year term of supervised release. The Clerk of the Court filed the sentencing judgment on September 23, 2004. (See Docket No. 39.) Petitioner did not appeal his conviction or sentence.

On April 19, 2006, Petitioner filed the instant Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255. Respondent filed a response in opposition on June 2, 2006.

### III.  DISCUSSION

**A.   Standard of Review**

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.' " Graziano v. United States,

83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

**B.     Petitioner's Claims**

Petitioner's claims center around his contention that this Court and the prosecutor promised not to use his youthful offender conviction in determining his sentence. Based on this assertion, he argues that (1) his conviction by plea is unlawful because this promise was not kept, (2) his counsel was ineffective for failing to enforce this promise, and (3) he was on "Level 3 narcotics as dispensed by the Chautauqua jail and was not mentally stable to comprehend sentence and lack of promises kept."[2]  (Docket No. 41.)

It is well-settled that federal prisoners may not use § 2255 as a substitute for a direct appeal. United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998); see also Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."). This is particularly true in cases where, as here, the petitioner was convicted pursuant to a guilty plea. Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (noting that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas") (quoting United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979)). Petitioner did not appeal his conviction or sentence.

---

[2]Petitioner also argues that he did not see the final PreSentence Investigation Report until April 12, 2006, after which he immediately filed the instant motion. (Docket No. 41.) This argument is intended solely to circumvent the one-year limitations period in § 2255. (See Docket No. 41 ("Ground four: Newly discovered evidence allows a waiver of 1 year time to appeal")). Although this Court strongly doubts Petitioner's contention that he did not see the final report until after he was sentenced (this Court confirms that counsel has reviewed the report with the defendant prior to imposing sentence), this Court will give Petitioner the benefit of the doubt and not deny his motion on procedural grounds.

Nonetheless, the factual premise for Petitioner's motion is incorrect. He contends that this Court and the prosecutor promised that his youthful offender conviction would not be used to calculate his sentencing guideline range. No such promises were ever made. In fact, Petitioner expressly agreed in his plea agreement that "[t]here are no promises made by anyone other than those contained in this agreement." (Docket No. 22, ¶ 26.) Nowhere in the plea agreement is there any promise that Petitioner's youthful offender conviction would not be used to calculate the applicable sentencing range. Moreover, this Court confirms with each defendant entering a guilty plea that no promises outside of the plea agreement have been made.

Although the effect of Petitioner's youthful offender conviction on his Guidelines calculation was not contemplated in the plea agreement, it was litigated at length before sentencing. Ultimately, this Court decided that based on the Second Circuit's decision in United States v. Cuello — which post-dated Petitioner's guilty plea — Petitioner's youthful offender conviction could be considered an adult felony conviction for purposes of calculating his base offense level under U.S.S.G. § 2K2.1. 357 F.3d 162, 168-69 (2d Cir. 2004) (holding that district courts must "examine the substance of the prior conviction at issue; to focus on the nature of the proceedings, the sentences received, and the actual time served" in determining whether a New York youthful offender adjudication is an adult conviction for purposes of U.S.S.G. § 2K2.1). That Cuello was decided after Petitioner entered his guilty plea is not problematic because Petitioner expressly agreed that "the Court will ultimately determine the appropriate total offense level and criminal history category" and that "defendant will not be entitled to withdraw the plea of guilty because of

. . . an upward departure made by the Court." (Docket No. 22, ¶ 7.)

Accordingly, this Court finds no merit in Petitioner's claim that he was promised that his youthful offender conviction would not be used in determining his sentence. Further, under Cuello, use of the conviction was proper, and Petitioner failed to appeal this Court's application of Cuello. Likewise, because no promise was made, Petitioner's argument that his attorney was ineffective for not enforcing the promise also fails.[3] Finally, Petitioner's argument that he could not enforce the promise himself because he was under the influence of a "Level 3 narcotic" is equally unavailing because there was, in fact, no promise.[4]

## C.    **Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . .  the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted).  Petitioner has made no such substantial showing of the denial of a constitutional right.

---

[3]To the contrary, the record reveals that Petitioner's counsel zealously advocated on his behalf, securing among other things, a 4-level discretionary downward departure and an agreement by the prosecutor that Petitioner be sentenced at the very lowest end of the applicable guideline range, which he was.

[4]Again, this Court has sincere doubts about the facts as Petitioner states them.  There is no indication anywhere in the record that Petitioner was on any substance that prevented him from understanding the sentence imposed on him.  Moreover, he does not argue that he lacked the capacity to understand and accept his sentence, only that he was not able to enforce the nonexistent promise.  In any event, even assuming that Petitioner's condition was impaired at sentencing as he alleges, this is a fact that was known to him within a year of sentencing.  This claim is therefore procedurally barred by the time limitation in § 2255.

### IV.  CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence is denied.  If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

### V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 41) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, it is hereby certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Clerk of the Court is directed to close  06-CV-261S.

SO ORDERED.

Dated:     September 23, 2007
           Buffalo, New York

                                         /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                     United States District Judge